1
2    UNITED STATES DISTRICT COURT
3    FOR THE NORTHERN DISTRICT OF CALIFORNIA
4    OAKLAND DIVISION
5

6  RAMON GUEVARA,                    Case No: C 10-5347 SBA
7         Plaintiff,
                                     **ORDER DISMISSING ACTION**
8         vs.
9  SAN FRANCISCO MARRIOTT/MOSCONE
   CENTER,
10
          Defendant.
11

12   On September 27, 2010, Plaintiff, who is proceeding pro se, commenced this action for
13 wrongful termination in the Superior Court of California, County of San Francisco, against his
14 former employer Defendant San Francisco Marriott/Moscone Center. On November 24, 2010,
15 Defendant removed Plaintiff's action to this Court on federal question and diversity jurisdiction
16 grounds. Dkt. 1.
17   On December 1, 2010, Defendant filed a Motion to Dismiss Plaintiff's Complaint under
18 Federal Rule of Civil Procedure 12(b)(6) ("Motion to Dismiss"). Dkt. 4. The hearing on the
19 Motion to Dismiss is scheduled for March 15, 2011. Under Civil Local Rule 7-3(a), any
20 opposition or statement of non-opposition by Plaintiff was due by February 22, 2011, which is
21 twenty-one days prior to the March 15, 2011 hearing date.[1] To date, Plaintiff has not filed an
22 opposition or a statement of non-opposition to the Motion to Dismiss. The Court's Standing
23 Orders warn that "[t]he failure of the opposing party to file a memorandum of points and
24 authorities in opposition to any motion shall constitute a consent to the granting of the motion."
25   The Ninth Circuit has held that the failure to file an opposition to a motion to dismiss is
26 grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see

27   _____
     [1] Civil Local Rule 7-3(b) provides that "[i]f the party against whom the motion is
28 directed does not oppose the motion, that party must file with the Court a Statement of
   Nonopposition within the time for filing and serving any opposition."

1  Fed.R.Civ.P. 41(b).  In Ghazali, the court noted that in exercising its discretion to dismiss the
2  action, the district court is "required to weigh several factors: '(1) the public's interest in
3  expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of
4  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits;
5  and (5) the availability of less drastic sanctions.'"  Id. (quoting Henderson v. Duncan, 779 F.2d
6  1421, 1423 (9th Cir. 1986)); Fed. R. Civ. Proc. 41(b).  Upon balancing the Ghazali factors
7  under the facts of this case, the Court finds that dismissal is warranted.

8       The first and second factors both favor dismissal.  Under Civil Local Rule 7-3(a),
9  Plaintiff was obligated to file his opposition to Defendant's Motion to Dismiss by no later
10 February 22, 2011.   In violation of that rule, he failed to do so.  Such non-compliance
11 inherently delays resolution of the case and inures to the detriment of the public.  See
12 Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to
13 manage its docket without being subject to routine noncompliance of litigants[.]"); Yourish v.
14 California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its
15 own docket); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (non-
16 compliance with a court's order diverts "valuable time that [the court] could have devoted to
17 other major and serious criminal and civil cases on its docket.").  The first two Ghazali factors
18 strongly support dismissal.

19      The third factor, the risk of prejudice to the Defendant, is related to the strength of the
20 Plaintiff's excuse for the default.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered no
21 "excuse" for his conduct nor is any apparent from the record.  Therefore, this factor also
22 weighs strongly in favor of dismissal.  See id.; Ghazali, 46 F.3d at 54.

23      The fourth factor, which favors disposition of cases on the merits, by definition, weighs
24 against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on
25 the merits.  Thus, this factor weighs against dismissal.").

26      As to the final factor, the Court has already considered less drastic alternatives to
27 dismissal.  As noted, the Court's Standing Orders warn that as a consequence of a party's
28 failure to oppose a motion, the Court will construe such inaction as a consent to the motion.

1  "[A] district court's warning to a party that failure to obey the court's order will result in
2  dismissal can satisfy the 'consideration of [less drastic sanctions]' requirement." <u>Ferdik</u>, 963
3  F.2d at 1262.
4     In sum, the Court concludes that four of the five relevant factors weigh strongly in favor
5  of dismissing this action in its entirety.  <u>Id.</u> (affirming dismissal where three factors favored
6  dismissal, while two factors weighed against dismissal).  Accordingly,
7     IT IS HEREBY ORDERED THAT Defendant's unopposed Motion to Dismiss (Docket
8  4) is GRANTED.  The March 15, 2011 hearing on the Motion to Dismiss is VACATED.  The
9  Clerk shall close the file and terminate all pending matters and deadlines.
10    IT IS SO ORDERED.
11 Dated: March 7, 2011                    _____
                                            SAUNDRA BROWN ARMSTRONG
12                                          United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RAMON GUEVARA et al,

      Plaintiff,

  v.

SAN FRANCISCO MARRIOTT /MOSCONE CENTER et al,

      Defendant.
_____/

Case Number: CV10-05347 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 8, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Ramon Guevara
632 Sweeny Street
San Francisco, CA 94134

Dated: March 8, 2011

                       Richard W. Wieking, Clerk

                               By: LISA R CLARK, Deputy Clerk