UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMON GUEVARA,<br><br>           Plaintiff,<br><br>   vs.<br><br>MARRIOTT HOTEL SVCS. INC.,<br><br>           Defendant. | Case No:  C 10-5347 SBA<br><br>**ORDER**<br><br>Docket 20. |

This is an employment discrimination action brought by Plaintiff Ramon Guevara ("Plaintiff").  The operative complaint alleges a hostile work environment claim based on racial harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), against Defendant Marriott Hotel Services, Inc. ("Marriott"). The parties are presently before the Court on Marriott's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Dkt. 20.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DISMISSES this action for lack of subject matter jurisdiction, and GRANTS Marriott's motion to dismiss for failure to state a claim under Rule 12(b)(6), for the reasons stated below.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

   A.      **Factual Background**

Plaintiff is a Hispanic male.  Second Amended Complaint ("SAC") ¶ 1, Dkt. 19.  He was hired by Marriott on August 22, 1989.  Id. ¶ 10.  In September 2002, Plaintiff became a union shop steward.  Id. ¶ 17.  In this capacity, he "successfully handled hundreds of union members' complaints despite receiving no cooperation from . . . management."  Id.

Plaintiff alleges that his race and union activity resulted in tension with management.  SAC ¶ 18.  He further alleges that he "continually felt that management, who were all predominantly Caucasian, looked down on [him] due to his race and continually made verbally disparaging remarks directly to him or his union employees in front of him solely based on their Hispanic origin and did not ever treat [him] or the union employees he represented as a shop steward as equals."  Id.  According to Plaintiff, there was almost always a racial tension between him and management.  Id.  He claims that management resented the fact that he was bilingual and was able to communicate with the union employees and learn of their grievances against the hotel and its Caucasian management staff.  Id.

As set forth in detail below, the SAC identifies a number of incidents that occurred during Plaintiff's employment with Marriott from May 2006 to September 20, 2008 which Plaintiff claims contributed to a racially hostile work environment.  See SAC ¶¶ 19-21, 23-26.  On or about September 26, 2008, Plaintiff was terminated for violating Marriott's Harassment and Professional Conduct Policy.  Id. ¶ 28.  Specifically, Plaintiff was terminated for restraining a manager at a meeting and leaving work early on or about September 20, 2008.  Id. ¶¶ 26-27.

Following his termination, Plaintiff challenged his discharge through Marriott's grievance procedures, including a mandatory arbitration proceeding that was allegedly held on October 5, 2009.  SAC ¶¶ 33, 39.  Plaintiff alleges that his termination was upheld as a result of false testimony at the arbitration hearing.  Id. ¶ 33.  Specifically, Plaintiff alleges that he was "subjected to verbal conduct that was based on his race [during the arbitration hearing] as several Caucasian management employees testified falsely against [him] and [about] his conduct that day."  Id.  Plaintiff further alleges that "[t]he evidence and information presented to the Arbitrator John Kagel was false and misleading including but not limited to the following: the testimonies of Ms. Marschke and Mr. Campsey regarding the events surrounding the incident on or about September 20, 2008."  Id. ¶ 30.

According to Plaintiff, the instant action arises out of severe, on-going and continuous racial harassment that Plaintiff experienced during his employment with Marriott, his illegal and wrongful termination, and the continued racial harassment he experienced during the arbitration proceeding following his termination. SAC ¶¶ 9, 33-34. Plaintiff claims that "management" subjected him to "a continuing pattern of verbal and physical abuse . . . to oust [him] from his position and his work with the Marriott Hotel chain because of his union involvement." Id. ¶ 34. Plaintiff further claims that his "ousting was primarily based on racial harassment which lead to the ongoing and hostile work environment that [he] was subject to until his wrongful termination in 2008." Id.

### B. Procedural Background

On or about April 2010, Plaintiff filed an administrative charge of discrimination with the U.S. Equal Employment Opportunity Commission. SAC ¶ 7. On September 27, 2010, Plaintiff, proceeding pro se, commenced the instant action in the Superior Court of California, County of San Francisco, against Marriott for wrongful termination. Compl., Dkt. 1. On November 24, 2010, Marriott removed the action to this Court on the basis of federal question and diversity jurisdiction. Notice of Removal, Dkt. 1. On March 7, 2011, this Court issued an Order granting Marriott's unopposed motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure. Dkt. 14.

On February 11, 2011, prior to the entry of the Order dismissing this action, and after receiving his Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, Plaintiff filed a second pro se action in this Court under Title VII alleging discrimination and retaliation based on his race and union activity. See Case No. C 11-0647, Dkt. 1. Although unclear, Plaintiff's complaint also appeared to allege a Title VII hostile work environment claim based on racial harassment. Id.

On April 16, 2011, Marriott filed a motion to dismiss the second action. Case No. C 11-0647, Dkt. 19. On August 4, 2011, this Court issued an Order granting in part and denying in part Marriott's motion to dismiss the second action. See Case No. C 11-0647, Dkt. 33. In that Order, the Court directed the Clerk to reopen the instant case and to

remove the complaint from the second action and refile it in the instant case as an amended complaint. Id. The Court also directed Plaintiff to file a SAC in this case. Id. The second action was dismissed with prejudice as filed in error. Id.

On August 29, 2011, Plaintiff, proceeding with counsel, filed a SAC, which alleges one claim for relief against Marriott for hostile work environment based on racial harassment in violation of Title VII. See SAC. On September 15, 2011, Marriott filed a motion to dismiss. Dkt. 20. Plaintiff filed an opposition on September 29, 2011. Dkt. 24. A reply was filed on October 6, 2011. Dkt. 25.

## II.     DISCUSSION

### A.     Legal Standard

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, the Court "accept[s] as true all well-pleaded allegations of material fact, and construe[s] them in the light most favorable to the non-moving party." Daniels–Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Sciences Securities Litigation, 536 F.3d 1049, 1055 (9th Cir. 2008). The complaint is properly dismissed if it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

As a general rule, courts may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. United States v. Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011). However, courts may consider, among other things, documents that are submitted with and attached to the complaint, as well as unattached evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. See id. at 999.

Where a complaint or claim is dismissed, leave to amend generally is granted, unless further amendment would be futile. See Chaset v. Fleer/Skybox Int'l, 300 F.3d 1083, 1087-1088 (9th Cir. 2002); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (if a court dismisses the complaint, it should grant leave to amend, unless it determines that the pleading could not possibly be cured by the allegation of other facts).

**B.    Request for Judicial Notice**

In connection with its motion to dismiss, Marriott requests the Court take judicial notice of the "transcript of the labor arbitration between Unite Here Local 2 and Marriott San Francisco regarding the termination of Ramon Guevara, held June 16, 2009 and July 16, 2009 before arbitrator John Kagel, Esq." Marriott's Request for Judicial Notice ("RJN") No. 1, Dkt. 22. The Court grants Marriott's request. The Court may take judicial notice of the transcript of the arbitration hearing because the SAC refers to statements made at the arbitration hearing, these statements are central to Plaintiff's hostile work environment claim, and Plaintiff does not question the authenticity of the transcript. See Corinthian Colleges, 655 F.3d at 999 (a court may take judicial notice of evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document).

**C.    Exhaustion of Administrative Remedies**

As an initial matter, based on the allegations in the SAC and the transcript of the arbitration hearing, the Court finds it appropriate to consider whether it lacks subject matter

- 5 -

jurisdiction over Plaintiff's Title VII claim on the ground that Plaintiff has failed to exhaust his administrative remedies by filing a timely administrative charge with the EEOC. See Vasquez v. County of Los Angeles, 349 F.3d 634, 644 (9th Cir. 2004) ("To establish subject matter jurisdiction over a Title VII claim, [plaintiff] must have exhausted his administrative remedies by filing a timely charge with the EEOC."). While Marriott did not raise this issue in its motion papers, a district court may *sua sponte* consider whether dismissal is appropriate "at any time" for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

Timely exhaustion of administrative remedies is a statutory prerequisite to filing suit under Title VII. See Sommatino v. United States, 255 F.3d 704, 707-708 (9th Cir. 2001) (affirming district court's dismissal of Title VII claims for lack of jurisdiction). To timely exhaust administrative remedies, a plaintiff must file a charge with the EEOC within 180 days from the last act of alleged discrimination, unless the complainant initially institutes proceedings with a state or local agency, in which case the EEOC charge must be filed within 300 days of the last discriminatory act, or within 30 days of receiving notice that the state or local agency has terminated proceedings, whichever is earlier. 42 U.S.C. § 2000e–5(e)(1); see MacDonald v. Grace Church Seattle, 457 F.3d 1079, 1081-1082 (9th Cir. 2006). "A claim is time barred if it is not filed within these time limits." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).

Here, because Plaintiff filed his administrative charge of discrimination with the EEOC in April 2010, at least 552 days after he was terminated on September 26, 2008, the only discriminatory acts that might fall within the applicable limitations period are the false statements allegedly made by Marriott's "Caucasian management employees" at the arbitration hearing purportedly held on October 5, 2009.[1] See SAC ¶¶ 30, 33. In this

---

[1] Because the SAC does not specify the date that Plaintiff filed his administrative charge of discrimination with the EEOC, the Court cannot determine exactly how many days elapsed since the last day of the arbitration hearing and the filing of Plaintiff's charge. The Court notes that if the arbitration hearing occurred on October 5, 2009 as Plaintiff alleges, Plaintiff had until April 3, 2010 to file a charge within the 180-day limitations period.

regard, Plaintiff alleges that he was "subjected to verbal conduct that was based on his race [during the arbitration hearing] as several Caucasian management employees testified falsely against [him] and [about] his conduct that day." Id. ¶ 33. Although unclear, it appears that Plaintiff attempts to allege that the testimony of Julie Fallon ("Fallon") was racially motivated because she testified that "they wouldn't say anything against one of their own." Id. ¶¶ 21-22.[2] According to Plaintiff, "it was a common theme that the Caucasian management believed that the minority employees would often lie to 'protect one of their own.'" Id. ¶ 21.

While the SAC alleges that the "arbitration of this matter . . . was held on October 5, 2009," the transcript of the hearing contradicts this allegation. The transcript indicates that the arbitration hearing was held on June 16, 2009 and July 16, 2009. Marriott's RJN No. 1. As such, the Court does not accept Plaintiff's conclusory assertion in the SAC that the arbitration hearing was held on October 5, 2009. See MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986) (the court need not accept as true allegations that contradict facts which may be judicially noticed by the court); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-1296 (9th Cir. 1998) (court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint).

---

[2] In its moving papers, Marriott accuses Plaintiff of misquoting Fallon's testimony at the arbitration hearing. In support of its accusation, Marriott directs the Court to a portion of the arbitration transcript. The Court reviewed this portion of the transcript and did not locate any testimony on the part of Fallon stating that "they wouldn't say anything against one of their own." Plaintiff, for his part, failed to respond to Marriott's accusation. The Court finds Marriott's accusation serious and Plaintiff's silence on this issue troubling. The Court warns Plaintiff that the failure to comply with Rule 11 of the Federal Rules of Civil Procedure may result in sanctions, up to and including the dismissal of this action. Rule 11(b) states that "[b]y presenting to the court a pleading . . . an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . ." Fed.R.Civ.P. 11(b). If Rule 11(b) is violated, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed.R.Civ.P. 11(c)(1).

Thus, because at least 259 days elapsed from July 16, 2009 (i.e., the last day of the arbitration hearing) to the filing of Plaintiff's administrative charge of discrimination with the EEOC in April 2010, and because the SAC does not allege facts demonstrating that the 300-day limitations period applies, Plaintiff's hostile work environment claim is time-barred as it was filed outside the 180-day limitations period. The SAC does not allege facts indicating that Plaintiff filed an administrative charge with a state agency that enforces its own anti-discrimination laws, thereby extending the filing period to 300 days. See E.E.O.C. v. Dinuba Medical Clinic, 222 F.3d 580, 585 (9th Cir. 2000) ("Although ordinarily the administrative charge must be filed within 180 days of the alleged unlawful employment practice, the deadline is extended to 300 days if the charge is initially filed with a state agency that enforces its own anti-discrimination laws.").

Accordingly, because Plaintiff did not file a timely charge of discrimination with the EEOC, this Court lacks subject matter jurisdiction over Plaintiff's claim for hostile work environment based on racial harassment. The Court therefore DISMISSES the SAC. The Court, however, will afford Plaintiff the opportunity to file a third amended complaint. In the event Plaintiff elects to file a third amended complaint, Plaintiff shall correctly identify the dates of the arbitration hearing as well as the specific date that he filed his administrative charge of discrimination with the EEOC. To the extent that Plaintiff has filed his charge outside the 180-day limitations period, Plaintiff may amend his SAC to allege facts showing that the 300-day limitations period applies or facts establishing the applicability of the doctrines of waiver, estoppel, and/or equitable tolling. Johnson v. Lucent Techs. Inc., 653 F.3d 1000, 1008 (9th Cir. 2011) ("Filing a timely charge of discrimination with the EEOC is a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.").

Having found that Plaintiff has failed to plead facts demonstrating that he has exhausted his administrative remedies by filing a timely administrative charge with the EEOC, the Court need not consider whether Plaintiff has alleged sufficient facts to withstand Marriott's motion to dismiss for failure to state a claim under Rule 12(b)(6).

However, notwithstanding Plaintiff's failure to plead facts establishing subject matter jurisdiction, the Court will address Marriott's arguments regarding dismissal under Rule 12(b)(6). In doing so, the Court will assume for the sake of argument that Plaintiff has filed a timely administrative charge with the EEOC.

### D. Motion to Dismiss

The SAC alleges one claim for hostile work environment based on racial harassment in violation of Title VII. Marriott argues that dismissal of the SAC is appropriate under Rule 12(b)(6) because Plaintiff has failed to state a claim upon which relief can be granted.

#### 1. Continuing Violations Doctrine

Marriott contends that dismissal of the SAC is appropriate because Plaintiff has failed to plead facts stating an actionable hostile work environment claim under the continuing violations doctrine. Plaintiff's hostile work environment claim is predicated on discriminatory acts that allegedly occurred within the limitations period at the arbitration hearing and a series of incidents that allegedly occurred outside the limitations period during his employment with Marriott. Plaintiff invokes the continuing violation doctrine to reach the discriminatory acts outside the limitations period.

A hostile work environment claim is composed of a series of separate acts that collectively constitute one unlawful employment practice. Morgan, 536 U.S. at 116. The timely filing provision under Title VII only requires that a plaintiff file a charge within a certain number of days after the unlawful practice transpires. Id. at 117. It does not matter that some of the component acts of the hostile work environment claim fall outside the statutory time period. Id. "Provided that an act contributing to [a hostile work environment] claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for purposes of determining liability," even if "some of the component acts of the hostile work environment [claim] fall outside the statutory period." Id. However, acts that fall outside the filing period and are unrelated to a timely hostile work environment claim are barred by the timeliness requirement. Id. at 118. To determine whether the component acts constitute "one unlawful employment practice

[the Ninth Circuit] considers whether the earlier and later events amounted to the same type of employment actions, occurred relatively frequently, or were perpetrated by the same managers." Porter v. Cal. Dept. of Corrections, 419 F.3d 885, 893 (9th Cir. 2005).

The Court finds that Plaintiff has failed to allege an actionable hostile work environment claim based on racial harassment. The SAC does not allege facts demonstrating that a discriminatory act contributing to a hostile work environment claim occurred within the filing period. The only discriminatory acts that Plaintiff claims are within the limitations period are the false statements allegedly made by Marriott employees at the arbitration hearing. Even assuming those statements were made within the applicable limitations period, the SAC does not identify the false statements that were made "against [him] and [about] his conduct," explain what is false about the statements and why they are false. Moreover, there are no facts in the SAC showing that the statements were racial in nature or motivated by racial animus. The fact that Plaintiff is Hispanic and the Marriott employees that testified at the arbitration hearing are Caucasian, without more, does not suffice to establish that the alleged false statements made at the arbitration hearing were premised on racial animus. In short, the SAC lacks factual content that would allow the Court to draw the reasonable inference that Plaintiff was subjected to discriminatory conduct because of his race within the limitations period.

Furthermore, even assuming that Plaintiff alleged a discriminatory act that occurred within the limitations period, the Court finds that Plaintiff has failed to allege facts establishing that he was subjected to a series of harassing acts that constitute one unlawful employment practice. Plaintiff has not alleged facts showing that the false statements allegedly made at the arbitration hearing are part of the same hostile work environment practice that occurred during Plaintiff's employment with Marriott. Specifically, the SAC does not allege facts showing that the statements made during the arbitration hearing, i.e., the alleged discriminatory acts within the limitations period, are sufficiently related to or similar in kind to the alleged discriminatory acts that occurred outside the limitations period, i.e., the incidents that occurred during his employment. Plaintiff, for instance, has

not alleged that the verbal conduct he was subjected to at the arbitration hearing involved the same type of acts or was perpetrated by the same managers as the allegedly discriminatory acts that he was subjected to during his employment with Marriott. Thus, the SAC does not contain sufficient factual content establishing that the allegedly discriminatory acts that occurred during Plaintiff's employment, which are outside the limitations period, may be considered by the Court for the purposes of determining liability. See Morgan, 536 U.S. 117-118 (acts that fall outside the filing period and are unrelated to a timely hostile work environment claim are barred by the timeliness requirement). Absent consideration of the allegedly discriminatory acts that occurred during his employment, Plaintiff has failed allege a series of separate acts that collectively constitute one unlawful employment practice.

In sum, because the SAC does not allege facts demonstrating that a discriminatory act contributing to a hostile work environment claim occurred within the filing period, and because Plaintiff has not alleged facts establishing that he was subject to a series of harassing acts that constitute one unlawful employment practice, Plaintiff has failed to state an actionable hostile work environment claim. Accordingly, Marriott's motion to dismiss is GRANTED.[3]

### 2. Prima Facie Case of Hostile Work Environment Claim

Marriott contends that even if all of the allegations in the SAC are accepted as true and considered for purposes of determining liability, Plaintiff has failed to state a prima facie hostile work environment claim based on racial harassment. The Court agrees.

---

[3] To the extent Marriott argues that the litigation privilege prevents Plaintiff from suing Marriott based on the statements made at the arbitration hearing, the Court rejects this argument. The absolute litigation privilege codified in California Civil Code § 47(b) does not apply to Plaintiff's Title VII claim. California's litigation privilege does not apply to federal claims, including Title VII claims. See Pardi v. Kaiser Foundation Hosps., 389 F.3d 840, 851 (9th Cir. 2004); Kimes v. Stone, 84 F.3d 1121, 1127 (9th Cir. 1996); Sosa v. Hiraoka, 920 F.2d 1451, 1460, n. 3 (9th Cir. 1990); Oei v. N. Star Capital Acquisitions, 486 F.Supp.2d 1089, 1098 (C.D. Cal. 2006).

In order to establish a prima facie claim of hostile work environment under Title VII, Plaintiff must establish that (1) he was subjected to verbal or physical conduct because of his race, (2) the conduct was unwelcome, and (3) the conduct was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment. Manatt v. Bank of America, 339 F.3d 792, 798 (9th Cir. 2003);[4] Vasquez, 349 F.3d at 642. In order to satisfy the third element of this test, a plaintiff must show that his work environment was both subjectively and objectively hostile. Galdamez v. Potter, 415 F.3d 1015, 1023 (9th Cir. 2005). In making the objective determination, a court must look to all of the circumstances, including the frequency, severity, and nature (i.e., physically threatening or humiliating as opposed to merely verbally offensive) of the conduct. Id. The required severity of the conduct varies inversely with its pervasiveness and frequency. Id. The objective hostility of the environment must be considered from the perspective of a reasonable person belonging to the racial or ethnic group of the plaintiff. Id.

In addition to the statements allegedly made at the arbitration hearing discussed above, Plaintiff identifies five incidents that occurred during his employment with Marriott from May 2006 to September 20, 2008 that he claims created a racially hostile work environment:

1. Plaintiff alleges that in May 2006 he filed grievances with management on behalf of minority union workers for unfair working conditions that "were met by [Marriott's] management with racial conduct in that he believed he was not being taken seriously and that management made it seem that it was the minorities who were complaining unjustifiably because of their race." SAC ¶ 20. Plaintiff claims that "[t]hese ignored complaints created a hostile and abusive work environment for Plaintiff" because it was his job to bring instances of misconduct to management. Id.

2. Plaintiff alleges that in fall 2006, a Caucasian manager, Jeoffrey Leonard, verbally assaulted him and other Latino employee at a grievance meeting when he screamed in their faces and ordered another employee to "Tell them I didn't lie, Tell Them!" SAC ¶ 21. Plaintiff "believes" this manager's conduct was "racially motivated as it was a common theme that the Caucasian management

---

[4] Hostile work environment claims under Title VII contain the same elements of a § 1981 hostile work environment claim and, thus, the "legal principles guiding a court in a Title VII dispute apply with equal force in a § 1981 action." Manatt, 339 F.3d at 797.

- 12 -

      believed that the minority employees would often lie to 'protect one of their own.'" <u>Id.</u>

3. Plaintiff alleges that in July 2007 he was "physically threatened with abuse and racially discriminated against by Chef Rick who made physical threats of violence against Plaintiff based on his race." SAC ¶ 24.

4. Plaintiff alleges that in August of 2008 he was "subjected to racial verbal conduct by [Marriott's] Human Resources department [because] he was denied the opportunity to translate for a worker based on who he was and that HR told him that the worker must accept the HR translator or no one." SAC ¶ 25. Plaintiff asserts that he "believed that this instance was racially motivated." <u>Id.</u>

5. Plaintiff alleges that or about September 20, 2008 he was "physically abused by the Marriott's restaurant manager Chris Dempsey, a Caucasian, who bumped plaintiff in the stomach in which he received no discipline from the Caucasian management even after Plaintiff filed a grievance." SAC ¶ 26.

The Court finds that Plaintiff has failed to allege a prima facie claim of hostile work environment under Title VII based on racial harassment. The SAC does not allege sufficient facts establishing that Plaintiff was subjected to any verbal or physical acts because of his race. The allegations in the SAC do not show that any of the alleged discriminatory conduct was motivated by discriminatory animus because of his race. Further, the allegations in the SAC do not demonstrate that the conduct Plaintiff was allegedly subject to was sufficiently severe or pervasive to establish an actionable hostile work environment claim. <u>See</u> <u>Vasquez</u>, 349 F.3d at 642-44 (describing nature of severity and pervasiveness needed for hostile work environment claim). The incidents Plaintiff relies upon to state a hostile work environment claim are isolated, sporadic events. They are not the type of frequent, unwelcome verbal or physical acts that have been found to alter the conditions of employment and create an abusive work environment. The incidents do not demonstrate that an objectively hostile work environment based on race existed. <u>See</u> <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1031, 1037 (9th Cir. 1990) (affirming conclusion that plaintiffs failed to prove a hostile work environment even where the employer allegedly made racially offensive slurs, kept illegal personnel files on the plaintiffs because they were Latinos, provided unsafe vehicles to Latino police officers, posted a racially offensive cartoon, targeted Latinos when enforcing rules, and did not provide adequate back-up to Latino police officers); <u>Vasquez</u>, 349 F.3d at 643-644 (finding

no hostile environment even where plaintiff was told that he should consider transferring to work in the field because "Hispanics do good in the field," was told that he had "a typical Hispanic macho attitude," a co-worker made continual, false complaints about the plaintiff to his supervisor, and plaintiff was yelled at in front of others); Manatt, 339 F.3d at 798 (finding that jokes using the phrase "China man," ridiculing for mispronunciation of names, and employees pulling their eyes back with their fingers to mock the appearance of Asians did not constitute a hostile work environment for a Chinese woman).

Accordingly, because Plaintiff has failed to allege facts demonstrating that he was subjected to verbal or physical conduct because of his race that was sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment, Marriott's motion to dismiss is GRANTED.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The SAC is DISMISSED for lack of subject matter jurisdiction.

2. Marriott's motion to dismiss is GRANTED.

3. Plaintiff shall have twenty-one (21) days from the date this Order is filed to file a third amended complaint consistent with this Order. Plaintiff is granted leave to amend to cure all of the deficiencies identified in this Order if he is able to do so. Plaintiff's third amended complaint shall not include any additional claims without prior Court approval. The Court warns Plaintiff that the failure to timely file a third amended complaint will result in the dismissal of this action.

4. This Order terminates Docket 20.

IT IS SO ORDERED.

Dated: 9/14/12

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge