UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RAMON GUEVARA,<br><br>      Plaintiff,<br><br>vs.<br><br>MARRIOTT HOTEL SVCS. INC.,<br><br>      Defendant. | Case No: C 10-5347 SBA<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND**<br><br>Docket 36 |

    This is an employment discrimination action brought by Plaintiff Ramon Guevara ("Plaintiff") against Defendant Marriott Hotel Services, Inc. ("Marriott"). The third amended complaint ("TAC") alleges one claim for relief against Marriott for hostile work environment based on racial harassment under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"). On March 20, 2013, the Court dismissed Plaintiff's Title VII claim with prejudice. Dkt. 35. The Court also denied Plaintiff's request for leave to amend to allege "Non-Title VII claims" for wrongful termination. Id. However, the Court afforded Plaintiff the opportunity to file a motion for leave to file a fourth amended complaint. Id. The parties are presently before the Court on Plaintiff's motion for leave to file a fourth amended complaint. Dkt. 36. Marriott opposes the motion. Dkt. 37. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby DENIES the motion, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

**I.    BACKGROUND**

    The parties are familiar with the facts and procedural history of this case, which will be summarized herein only to the extent that such information is relevant to the instant

motion.  On September 27, 2010, Plaintiff, proceeding pro se, commenced this action in the Superior Court of California, County of San Francisco, against Marriott for wrongful termination.  Compl., Dkt. 1.  On November 24, 2010, Marriott removed the action to this Court on the basis of federal question and diversity jurisdiction.  Notice of Removal, Dkt. 1.  On March 7, 2011, the Court issued an Order granting Marriott's unopposed motion to dismiss pursuant to Rule 41 of the Federal Rules of Civil Procedure.  Dkt. 14.

On February 11, 2011, prior to the entry of the Order dismissing this action, and after receiving his Equal Employment Opportunity Commission ("EEOC") right-to-sue letter, Plaintiff filed a second pro se action in this Court under Title VII alleging discrimination and retaliation based on his race and union activity.  See Case No. C 11-0647, Dkt. 1.  Although unclear, Plaintiff's complaint also appeared to allege a Title VII hostile work environment claim based on racial harassment.  Id.

On April 16, 2011, Marriott filed a motion to dismiss the second action.  See Case No. C 11-0647, Dkt. 19.  On August 4, 2011, this Court issued an Order granting in part and denying in part Marriott's motion to dismiss the second action.  See Case No. C 11-0647, Dkt. 33.  In that Order, the Court directed the Clerk to reopen the instant case and to remove the complaint from the second action and refile it in this case as an amended complaint.  Id.  The Court also directed Plaintiff to file a second amended complaint ("SAC") in the instant case, asserting all Title VII claims he in good faith and consistent with his obligations under Rule 11 may assert.  Id.  The Court further stated that "[i]f Plaintiff wishes to add any other claims to his [SAC], Plaintiff is to file a motion for leave to file a [SAC], with the proposed complaint attached, within thirty days of this Order."  Id.  The second action was dismissed with prejudice as filed in error.  Id.

On August 29, 2011, Plaintiff, proceeding with counsel, filed a SAC alleging one claim for relief against Marriott for hostile work environment based on racial harassment in violation of Title VII.  See SAC.  On September 17, 2012, the Court dismissed the SAC for lack of subject matter jurisdiction and for failure to state a claim with leave to amend.  Dkt. 26.  On October 9, 2012, Plaintiff filed a TAC alleging a Title VII hostile work

environment claim based on racial harassment. Dkt. 28. On March 20, 2013, the Court dismissed Plaintiff's Title VII claim for lack of subject matter jurisdiction and for failure to state a claim without leave to amend. Dkt. 35. The Court also denied Plaintiff's request for leave to amend to allege "Non-Title VII claims" for wrongful termination. Id. The Court, however, stated that Plaintiff may file a motion for leave to file a fourth amended complaint. Id. The parties are now before the Court on Plaintiff's motion for leave to file a fourth amended complaint. Dkt. 36. Marriott opposes the motion. Dkt. 37.

## II.     LEGAL STANDARD

A party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed.R.Civ.P. 15(a) (1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2).[1] "This policy is to be applied with extreme liberality." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation marks omitted). However, there is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." Bonin v. Calderon, 59 F.3d 815, 845 (9th Cir. 1995); Vincent v. Trend Western Technical Corp., 828 F.2d 563, 570-571 (9th Cir. 1987); see Jordan v. County of Los Angeles, 669 F.2d 1311, 1324 (9th Cir. 1982) ("[T]he liberality of Rule 15(a) does not mean that amendment will be allowed regardless of the diligence of the moving party. Where the party seeking amendment knows or should know of the facts upon which the proposed amendment is based but fails to include them in the original

---

[1] Here, because Plaintiff's motion for leave to file a fourth amended complaint was filed more than 21 days after Marriott filed its motion to dismiss the TAC, and because Marriott does not consent to the filing of a fourth amended complaint, Plaintiff cannot file a fourth amended complaint without leave of Court.

complaint, the motion to amend may be denied."), <u>vacated on other grounds</u>, 459 U.S. 810, (1982).

The United States Supreme Court has identified the following factors a district court should consider in deciding whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of amendment.  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>see also</u> <u>Eminence Capital</u>, 316 F.3d at 1052.  A motion to amend a pleading is addressed to the sound discretion of the district court and must be decided upon the facts and circumstances of each particular case.  <u>Sackett v. Beaman</u>, 399 F.2d 884, 889 (9th Cir. 1968).  The district court's discretion to deny leave to amend is particularly broad where, as here, the plaintiff has previously amended the complaint.  <u>Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1058 (9th Cir. 2011); <u>see also</u> <u>Westlands Water Dist. v. Firebaugh Canal</u>, 10 F.3d 667, 677 (9th Cir. 1993) (the district court's discretion in ruling on a motion for leave to amend is particularly broad where the plaintiff has bypassed other opportunities to amend).

**III.   DISCUSSION**

    **A.   Failure to Comply with Civil Local Rule 10-1**

In the instant motion, Plaintiff requests leave to amend the TAC to allege non-Title VII claims, including:

> Harassment, Retaliatory Termination, Breach of Contract, Disparagement of Treatment, Defamation of Character, violations of Section 5(a) of the Collective Bargaining Agreement, False Testimony by Defendant's employees at Arbitration (Fraud), Illegal introduction of evidence at Arbitration which Plaintiff was not given an opportunity to grieve, and . . . a petition in the FAC to set aside and/or vacate the Arbitration award based on Section 10 of the Federal Arbitration Act. . . .

Pl.'s Mtn. at 9.

Civil Local Rule 10-1 provides that "[a]ny party filing or moving to file an amended pleading *must* reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."  Civ. L.R. 10-1 (emphasis added).  Here, Plaintiff has violated

this rule by failing to provide the Court with a copy of the proposed fourth amended complaint.  Plaintiff failed to do so despite being advised by opposing counsel of his obligation to comply with Civil Local Rule 10-1.  Plaintiff's failure to comply with Civil Local Rule 10-1 constitutes grounds for denying his motion.  See Tri-Valley CAREs v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").  The above notwithstanding, the Court will address the merits of Plaintiff's request for leave to amend.

### B.  Motion for Leave to Amend

As set forth above, when considering whether to allow a party to amend his complaint, courts consider the following factors: bad faith or dilatory motive on the part of the movant, undue delay, prejudice to the opposing party, futility of amendment, and whether the party has previously amended his pleading.  Foman, 371 U.S. at 182; Eminence Capital, 316 F.3d at 1052.  These factors are discussed below.

#### 1.  Undue Delay and Amendments Previously Allowed

In evaluating a motion for leave to amend, a court may consider whether the plaintiff has previously been given the opportunity to amend and the moving party's undue delay in pursuing the amendment.  See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1388 (9th Cir. 1990); Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).  A moving party's inability to sufficiently explain its delay may indicate that the delay was undue.  See Jackson, 902 F.2d at 1388.  Whether the moving party knew or should have known the facts and theories raised in the proposed amendment at the time it filed its original pleadings is a relevant consideration in assessing untimeliness.  Id.  "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action."  Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398 (9th Cir. 1986).  "At some point, . . . a party may not respond to an adverse ruling by claiming that another theory not previously advanced

1 provides a possible [ground] for relief and should be considered."  Ascon Properties, Inc. v.
2 Mobil Oil Co., 866 F.2d 1149, 1161 (9th Cir. 1989) (quotation marks omitted).
3      Here, the Court dismissed Plaintiff's Title VII claim with prejudice on March 20,
4 2013.  Dkt. 35.  In that Order, the Court denied Plaintiff's request for leave to amend the
5 TAC to allege "Non-Title VII claims" for wrongful termination.  Id.  In doing so, the Court
6 noted that Plaintiff had already been provided an opportunity to seek leave to allege such
7 claims within thirty days from August 4, 2011 and failed to do so.  Id.  The Court also
8 noted that Plaintiff had failed to offer a satisfactory explanation for his delay in seeking
9 leave to add "Non-Title VII claims."  Id.
10      In support of his request for leave to file a fourth amended complaint, Plaintiff states
11 that "he did not ever intend to forego his right to assert claims against [Marriott] for non-
12 Title VII causes of action but in the interest of judicial economy, [he] streamlined the
13 Second and Third Amended Complaints to focus solely on the Title VII claims. . . ."  Pl.'s
14 Mtn. at 5.  Plaintiff further states that he "sought to streamline the litigation with the Title
15 VII [c]ause of action only[,] and that he believed he could achieve the relief he is seeking
16 by and through the Title VII claim."  Id. at 8.  Plaintiff requests the opportunity to plead
17 claims initially set forth in his September 27, 2010 California Judicial Counsel form
18 pleading "now that the issues relating to [his Title VII] claims have come to light relating to
19 timely exhaustion of administrative remedies, and [he] is no longer able to continue his
20 assertions of the Title VII cause of action."  Id. at 5-6.
21      The Court finds that Plaintiff has acted in a dilatory fashion in belatedly seeking
22 leave to amend to allege non-Title VII claims long after the Court gave him the opportunity
23 to do so.  Plaintiff's deliberate decision to wait more than a year and eight months after the
24 Court's August 4, 2011 Order to request leave to allege non-Title VII claims based on facts
25 known to Plaintiff since at least the inception of this lawsuit (i.e., September 27, 2010)
26 constitutes significant undue delay and is unreasonable.  See AmerisourceBergen Corp. v.
27 Dialysist W., Inc., 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month
28 delay between the time of obtaining a relevant fact and seeking leave to amend is

unreasonable."). Plaintiff has failed to provide a satisfactory explanation for why he waited so long to request leave to amend. Plaintiff does not assert that his proposed claims are based on the emergence of new facts or a change in law that occurred after the filing of the instant action. Instead, Plaintiff seeks leave to add non-Title VII claims because his Title VII claim has been dismissed with prejudice. Indeed, Plaintiff concedes that his delay in requesting leave to amend was a tactical choice based on his belief that his Title VII claim was sufficient to obtain the relief he seeks in this action.[2] The Court finds Plaintiff's explanation for his inordinate delay wholly unavailing. See Acri, 781 F.2d at 1398 (no abuse of discretion in denying leave to amend where the plaintiffs' attorney admitted that plaintiffs' delay in bringing the new cause of action was a tactical choice in that he felt the causes of action already stated were sufficient, and the new claim would necessitate further discovery).

The Court provided Plaintiff the opportunity to allege the claims he now seeks to assert in a fourth amended complaint more than a year and eight months before he filed the instant motion. Plaintiff, however, chose to sit on his hands until the Court dismissed his Title VII claim with prejudice. Plaintiff had ample time to assess the underlying facts and the claims he wanted to allege against Marriott and to request leave to assert those claims long before the instant motion was filed. The claims Plaintiff now seeks to assert are not based on any new facts, but simply "new theories" of relief that are premised upon facts that Plaintiff has been aware from at least the time this action was commenced on

---

[2] The Court notes that it was unreasonable for Plaintiff's counsel to believe that Plaintiff's Title VII claim was sufficient to obtain the relief Plaintiff seeks in this action. A reasonable investigation by Plaintiff's counsel would have revealed that Plaintiff's Title VII claim is time-barred based on Plaintiff's failure to timely exhaust his administrative remedies. As set forth in the Court's March 20, 2013 Order, Plaintiff filed his administrative charge with the EEOC long after the applicable period to do so expired. See Dkt. 35. Because a reasonable inquiry would have revealed that Plaintiff's Title VII claim is time-barred, Plaintiff's counsel's conduct in pursuing this claim amounts to a violation of Rule 11. See Fed.R.Civ.P. 11(b). On September 17, 2012, the Court dismissed the SAC based on Plaintiff's failure to timely file a charge of discrimination with the EEOC. Dkt. 26. Instead of abandoning his Title VII claim after an opportunity for further investigation, Plaintiff reasserted this claim in his TAC without alleging facts establishing the timeliness of the claim.

September 27, 2010.  These theories could have been pled in the original complaint and should have been pled, at the latest, in Plaintiff's proposed SAC following the Court's August 4, 2011 Order.[3]  Plaintiff offers no legitimate reason or explanation justifying his failure to seek leave to allege non-Title VII claims earlier.  Accordingly, the Court finds that Plaintiff's undue delay in seeking leave to amend to add non-Title VII claims long after he was given the opportunity to do so weighs against granting Plaintiff leave to file a fourth amended complaint.  See Bonin, 59 F.3d at 845 (A district court does not abuse its discretion in denying a motion to amend "where the movant presents no new facts, but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions in the original petition."); Stein v. United Artists Corp., 691 F.2d 885, 898 (9th Cir. 1982) (no abuse of discretion in denying motion to file amended complaint where complaint was submitted after district court granted defendants' motions to dismiss, and plaintiff "provided no satisfactory explanation for [its] failure to fully develop his contentions originally, and the amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts").

### 2.  Bad Faith and Prejudice

Bad faith may be shown when a party seeks to amend late in the litigation process with claims which were, or should have been, apparent early.  See Bonin, 59 F.3d at 846.  Here, the Court finds that Plaintiff has acted in bad faith by not seeking leave to add his proposed non-Title VII claims earlier.  Plaintiff made no attempt to allege such claims following the Court's August 4, 2011 Order, which directed him to do so within thirty days from that date.  Instead, Plaintiff waited until his reply brief on the motion to dismiss the TAC to request leave to add non-Title VII claims.  Thus, Plaintiff waited until the

---

[3] In its August 4, 2011 Order, the Court noted that it did not appear that Plaintiff intended to assert non-Title VII claims because he had failed to address Marriott's arguments for dismissal pertaining to these claims. Dkt. 15.  Alternatively, the Court found that Plaintiff had consented to the granting of Marriott's motion to dismiss the non-Title VII claims for the reasons put forth by Defendant. Id. (citing Civil Standing Orders ("[t]he failure of the opposing part to file a memorandum of points and authorities in opposition to any motion or request shall constitute a consent to the granting of the motion")). Id.

proverbial writing was on the wall to express his desire to amend his pleading to allege non-Title VII claims that he could have requested leave to assert in September 2011. The Court finds Plaintiff's shifting tactical position troubling, particularly since he expressly represented to the Court in 2011 that he only seeks asserts Title VII claims against Marriott in this action. See Dkt. 15 ("counsel clearly has stated that Plaintiff only asserts Title VII claims against Defendant"). Plaintiff's request for leave to amend inexplicably contradicts his prior representation to this Court and is nothing more than a last-ditch effort to avoid dismissal of this case in its entirely.[4] Plaintiff's attempt to assert claims which he previously chose not to allege after the dismissal of his Title VII claim with prejudice demonstrates that Plaintiff has acted in bad faith.

Furthermore, the Court finds that Plaintiff's significant change in strategy, as reflected in his motion which was filed more than two-and-a-half years after this action was commenced, would prejudice Marriott because it would greatly alter the nature of the litigation. See Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming denial of leave to amend when "[t]he new claims set forth in the amended complaint would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense"). The SAC and the TAC both alleged one claim for relief under Title VII for hostile work environment based on racial harassment. Thus, since August 29, 2011, Plaintiff has only sought to prosecute one claim for relief under Title VII.

Now, when the case is subject to dismissal, Plaintiff requests leave to amend to allege numerous non-Title VII claims for "Retaliatory Termination, Breach of Contract,

---

[4] The Court notes that Plaintiff's counsel has engaged in a pattern of improper conduct. As noted above, Plaintiff's counsel failed to conduct a reasonable investigation into the timeliness of Plaintiff's Title VII claim. Plaintiff's counsel also reasserted a Title VII claim in the TAC after the Court pointed out that the claim was untimely. Plaintiff did so despite the fact that a reasonable inquiry would have shown that Plaintiff's claim was time-barred. In addition, Plaintiff's counsel misquoted the testimony from the arbitration hearing transcript in his SAC, misrepresented that the arbitration hearing took place on October 5, 2009 in the SAC, and disobeyed a Court Order directing him to specify in the TAC the specific date Plaintiff filed his administrative charge with the EEOC.

Disparagement of Treatment, Defamation of Character, violations . . . of the Collective Bargaining Agreement, . . . Fraud[,] . . . and . . . a [claim] . . . to set aside and/or vacate the Arbitration award based on Section 10 of the Federal Arbitration Act. . . ."  Pl.'s Mtn. at 9. Having specifically declined the opportunity to seek leave to allege non-Title VII claims following the Court's August 4, 2011 Order, the Court finds that to allow Plaintiff to assert the numerous claims he proposes at this juncture would cause prejudice to Marriott. Allowing the amendments would fundamentally alter the nature of the case and force Marriott to defend against entirely different theories of relief that could have been raised long ago.  Marriott has already incurred substantial costs in litigating the merits of Plaintiff's Title VII claim, which could have been avoided if Plaintiff's counsel had engaged in a reasonable investigation into whether Plaintiff timely exhausted his administrative remedies.  To put Marriott through the time and expense of continued litigation on the new theories proposed by Plaintiff would cause prejudice to Marriott as it would require Marriott to incur significant additional litigation costs.  Ascon Properties, 866 F.2d at 1161.

### 3. Futility

It is well-established that the Court may deny leave to amend if amendment would be futile.  Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1046 (9th Cir. 2006).  Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Miller v. Rykoff–Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988).  A Rule 12(b)(6) dismissal for failure to state a claim can be based on either: (1) the lack of a cognizable legal theory; or (2) insufficient facts to support a cognizable legal claim. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Here, Marriott contends that amendment of the TAC is futile because "Plaintiff provides *no factual support whatsoever* for the non-Title VII claims he seeks to assert." Def.'s Opp. at 7 (emphasis in original).  Marriott argues that "Plaintiff provides no proposed

pleading, and the unsupported claims he lists would not survive a pleading challenge." Id. In response, Plaintiff does not dispute that he failed to submit a proposed fourth amended complaint with his moving papers. Instead, he contends that his request for leave to amend should be granted because he has sufficiently set forth the "substance" of the proposed amendments in his moving papers. Pl.'s Reply at 4. The Court disagrees.

As discussed above, Plaintiff violated Civil Local Rule 10-1 by failing to provide the Court with a proposed fourth amended complaint. Plaintiff did so despite being aware of his obligation to do so. Further, contrary to Plaintiff's contention, his motion papers fail to provide a factual basis supporting the numerous non-Title VII claims he seeks to allege in a fourth amended complaint. Plaintiff's reply brief does not rectify this deficiency or provide authority and legal analysis in response to Marriott's arguments regarding futility. Accordingly, the Court finds that the futility of amendment factor weighs against granting leave to amend. The Court views Plaintiff's failure to respond to the merits of Marriott's futility arguments as a concession that the proposed non-Title VII claims would not withstand a motion to dismiss. See Ramirez v. Ghilotti Bros. Inc. --- F.Supp.2d ----, 2013 WL 1786636, at *11 n. 7 (N.D. Cal. 2013) (failure to respond to argument on merits viewed as grounds for concession of the argument); see also Civil Standing Orders at 4 ("The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion.").

### 4. Summary

In sum, the Court concludes that the Foman factors weigh against granting leave to amend. Accordingly, Plaintiff's motion for leave to file a fourth amended complaint is DENIED.[5]

## IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

---

[5] In light of the Court's determination that the Foman factors weigh against granting leave to amend, the Court will not reach the merits of Marriott's judicial estoppel argument.

1. Plaintiff's motion for leave to file a fourth amended complaint is DENIED. Because the Court has already dismissed the only claim alleged in the TAC with prejudice, this action is dismissed in its entirety.

2. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 11/25/2013

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge